UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WALKER,<br><br>          Plaintiff,<br><br>    v.<br><br>OFFICER GUZMAN, et al.,<br><br>          Defendants. | Case No. 22-cv-00904 EJD (PR)<br><br>**ORDER ADDRESSING PLAINTIFF'S NOTICE OF ELECTION; OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**<br><br>(Docket No. 19) |

      Plaintiff, a civil detainee, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers at the San Francisco County Jail #2 ("Jail"), where he is currently confined. Dkt. No. 1. The Court found the amended complaint, Dkt. No. 8, stated cognizable claims but violated Federal Rules of Civil Procedure 18(a) and 20(a). Dkt. No. 18. Plaintiff was directed to file notice indicating which set of claims he wishes to pursue in this action, i.e., either those under Claim One or Claim Two. Id. at 14.

      Plaintiff filed notice that he wishes to proceed only with the cognizable claims under Claim Two and dismiss all other claims from this action. Dkt. No. 19.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

In its initial review, the Court found the following claims cognizable under **Claim Two**: (1) Fourteenth Amendment deliberate indifference claim against Defendants Guzman, Tracy, Ng, Gomez, and Taylor; (2) retaliation claim against Defendant Guzman for not letting him out of his cell to make calls; and (3) retaliation and unreasonable search and seizure claims against Defendants Malaspeina, Huerrera, Ng, and Gomez for the cell search and confiscation of property. Dkt. No. 18 at 6-7, 9.

In accordance with Plaintiff's notice, all the claims under Claim One and the deficient claims under Claim Two, as discussed in the Court's screening order, id. at 13-14, shall be dismissed without prejudice from this action.

### C. Reconsideration of Court's Denial of a Temporary Restraining Order

Plaintiff also requests reconsideration of the Court's denial of his prior motion for a temporary injunction based on the "following updated info," i.e., the court has ordered parties served, the "imminent danger" clause, and that the chances of success are to be

2

revisited "on added page." Dkt. No. 19 at 1-2.  However, there are no "added pages" to this 2-page document.

No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. See Civil L.R. 7-9(a).  The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.  See Civil L.R. 7-9(b).

Here, Plaintiff did not first seek leave of court before making the request for reconsideration.  Furthermore, even if the Court construes the filing as a request to do so, Plaintiff has satisfied none of these requirements under Rule 7-9(b).  Accordingly, the motion is DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The following claims are **DISMISSED without prejudice**:

    a. The following claims under **Claim One**: (1) excessive force claim against Defendant Osha; and (2) deliberate indifference claim against Defendants Osha and Tracy based on the January 27, 2022 incident.  Dkt. No. 18 at 5-6.

    b. The following claims under **Claim Two**: (1) denial of access to courts claim against Defendants Guzman and Gomez; (2) retaliation claim against Defendants Tracy and Garcia; (3) medical claims against Doe Defendants; and (4) supervisor liability claims against Defendants Paulson and Miaamoto.  Dkt. No. 18 at 7, 9-10, 11.

2. This action shall proceed solely on the following cognizable claims under

3

**Claim Two**: (1) Fourteenth Amendment deliberate indifference claim against Defendants Guzman, Tracy, Ng, Gomez, and Taylor; (2) retaliation claim against Defendant Guzman for not letting him out of his cell to make calls; and (3) retaliation and unreasonable search and seizure claims against Defendants Malaspeina, Huerrera, Ng, and Gomez for the cell search and confiscation of property. Dkt. No. 18 at 6-7, 9.

The Clerk shall terminate all other Defendants from this action, including Officer Osha, Officer Fields, Officer Deering, Chief Kevin Paulson, and Sheriff Miaamoto, as the claims against them have been dismissed from this action.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, Dkt. No. 8, all attachments thereto, and a copy of this order upon Defendants Officer Guzman (#2427), Officer Tracy, Officer Ng, Officer Gomez, Officer Taylor, Sgt. Malaspeina, Sgt. Huerrera, and Capt. Gomez at the San Francisco County Sheriff's Department via the **Office of Chief Legal Counsel for Sheriff's Dept**. (Sheriff's Dept., Room 456, One Dr. Carlton B. Goodlett Place, San Francisco, CA 94102, Attn. Mark Nicco). The Clerk shall also mail a copy of this order to Plaintiff.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

  a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

  b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

4

warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  November 14, 2022

EDWARD J. DAVILA
United States District Judge